| | |
|---|---|
| DISTRICT COURT, COUNTY OF ADAMS, STATE OF COLORADO<br><br>**Court Address**:<br>17th Judicial District<br>1100 Judicial Center Drive<br>Brighton, Colorado 80601 | DATE FILED: January 22, 2019 7:36 PM<br>FILING ID: A0FDA91E103CF<br>CASE NUMBER: 2019CV30112 |
| **Plaintiff:** SARAH K. GROSS,<br><br>**Defendants:** JAMES DICKERSON, JOSEPH DICKERSON, BRIAN STRACK, and PATRICIA STRACK. | ▲COURT USE ONLY ▲ |
| ATTORNEY FOR PLAINTIFF:<br><br>Anna Marinez #37756<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Phone Number: (303) 757-3300<br>Fax Number:    (303) 757-3206<br>E-Mail:  martineza@fdazar.com | Case Number:<br><br>Div: |
| **COMPLAINT** ||

Plaintiff Sarah K. Gross, through her attorneys, Franklin D. Azar & Associates, P.C., respectfully submits the following Complaint alleging the following:

### I.   PARTIES AND JURISDICTION

1. Plaintiff Sarah K. Gross is the mother of decedent Kiyure K. Gross, now deceased. Plaintiff resides in the State of Tennessee.

2. Kiyure Gross died on or about January 24, 2017 in a car crash that occurred in the County of Adams, State of Colorado.

3. Kiyure Gross was not married and did not have children at the time of his death.

4. At all times relevant, Defendant James Dickerson was a resident of the State of Colorado, County of Adams.

5. At all times relevant, Defendant Joseph Dickerson was a resident of the State of Colorado, County of Adams.



6. At all times relevant, Defendant Brian Strack was a resident of the State of Colorado, County of Adams.

7. At all times relevant, Defendant Patricia Strack was a resident of the State of Colorado, County of Adams.

8. Jurisdiction is proper in this action pursuant to C.R.S. § 13-1-124, as the incident underlying this cause of action occurred within Adams County, State of Colorado.

9. Venue is proper in this action pursuant to C.R.C.P. § 98(c)(5), as the incident underlying this cause of action occurred within Adams County, State of Colorado.

## II. GENERAL ALLEGATIONS

10. The single-car automobile roll-over crash that forms the basis of this Complaint occurred on January 24, 2017 at approximately 3:25 p.m., in the County of Adams, State of Colorado at East 38th Avenue near North Harback Road.

11. Defendant James B. Dickerson was driving a 2002 Chevrolet Trailblazer ("Trailblazer").

12. At the time of the collision, Defendant James B. Dickerson was 16 years-old.

13. Plaintiff's son, Kiyure K. Gross, 16 years-old, was seated as a backseat middle passenger of the Trailblazer, with his seatbelt on.

14. Defendant James B. Dickerson also had other passengers, including Ciara Bingham, 15 years-old who was seated as the right front seat passenger; Malachi Clifford, 18 years-old, who seated in the rear left seat; and, Jesse Wilson, 16 years-old, the rear right seat passenger.

15. Defendant James B. Dickerson was travelling westbound on East 38th Avenue, a dirt road near North Harback Road, when he came over a small hillcrest at a high rate of speed.

16. Upon information and belief, Defendant James B. Dickerson was travelling at least 70 mph in a 55 mph zone when he lost control of the Trailblazer, causing it to roll over.

17. As a direct and proximate cause of the negligence of Defendant James B. Dickerson, Kiyure K. Gross was ejected from the vehicle during the roll-over, and died from his injuries.

18. Likewise, Defendant James B. Dickerson's other passengers were injured or died from their injuries.

19. Defendant James B. Dickerson drove his vehicle without due regard for other drivers.

2

20. Defendant James B. Dickerson was driving carelessly at the time of the collision.

21. Defendant James B. Dickerson's careless driving was the sole cause of the collision.

22. Kiyure K. Gross is survived by his mother, Sarah K. Gross, who has incurred injuries, losses, and damages as a result of the collision that killed her son.

23. Upon information and belief, and at all times relevant to this Complaint, Defendant James B. Dickerson was the minor child of Defendant Joseph Dickerson.

24. Upon information and belief, at all times relevant to this Complaint, Defendant James B. Dickerson resided with Defendants Joseph Dickerson, Brian Strack, and Patricia Strack in the same household at 280 Elm Street, Bennett, Colorado 80102.

25. Upon information and belief, Defendants Brian Strack and Patricia Strack are also the grandparents of James B. Dickerson.

26. Upon information and belief, prior to this collision, Defendants Joseph Dickerson and Brian Strack purchased the Trailblazer together.

27. Upon information and belief, at all times relevant to this Complaint, the vehicle title of the Trailblazer was in the names of both Defendants Joseph Dickerson and Brian Strack.

28. Upon information and belief, at all times relevant to this Complaint, the Trailblazer was kept at the Defendants' household at 280 Elm Street, Bennett, Colorado.

## FIRST CLAIM FOR RELIEF
**(Negligence)**

29. Plaintiff incorporates all prior allegations as though fully set forth herein.

30. The collision involving Kiyure Gross was caused by the negligence of Defendant James B. Dickerson.

31. As a direct, proximate, and foreseeable result of the negligence of Defendant James B. Dickerson, Kiyure Gross suffered physical injuries resulting in death.

32. As a direct, proximate, and foreseeable result of the negligence of Defendant James B. Dickerson, decedent Kiyure K. Gross, suffered injuries resulting in his death. The negligent acts and/or omissions resulting in Mr. Gross' wrongful death have caused damages to his mother, Plaintiff Sarah K. Gross including, but not limited to, funeral and burial expenses, noneconomic losses associated with her grief, loss of companionship, pain and suffering, inconvenience, impairment of the quality of life and emotional stress.

## SECOND CLAIM FOR RELIEF
### (Negligent Entrustment against Defendants Joseph Dickerson, Brian Strack, and Patricia Strack)

33. Plaintiff incorporates all prior allegations as though fully set forth herein.

34. On the occasion in question, Defendants Joseph Dickerson and Brian Strack negligently entrusted the vehicle in question to Defendant James B. Dickerson.

35. Defendants Joseph Dickerson and Brian Strack had ownership and control of the Trailblazer that was involved in the collision.

36. Defendants Joseph Dickerson and Brian Strack gave permission to Defendant James B. Dickerson to use the Trailblazer owned by Defendants Joseph and Brian Strack.

37. Upon information and belief, Defendant James B. Dickerson had a Colorado minor's driver's license at all times relevant to this Complaint.

38. A minor's driver's license restricts holders who are under 18 years-old from certain driving activities. Specifically, minor drivers are prohibited from transporting any passengers 21 years-old and under during the first six months while in possession of a license, and thereafter, may only lawfully transport one passenger under the age of 21 until the driver turns 18 years-old.

39. At all times relevant to this Complaint, Defendant James B. Dickerson was 16 years-old and was prohibited from, at the very least, transporting more than one passenger under the age of 21 at any time.

40. Defendants Joseph Dickerson and Brian Strack either knew or, in the exercise of ordinary care, should have known that Defendant James B. Dickerson was prohibited from transporting more than one person under the age of 21 such that his driving of the Trailblazer would create an unreasonable risk of harm to others.

41. Defendants Joseph Dickerson and Brian Strack were, therefore, negligent in entrusting the vehicle to Defendant James B. Dickerson on the occasion in question.

42. As a direct and proximate result of Defendants' actions, Plaintiff Sarah K. Gross has suffered injuries, losses, and damages, including, but not limited to, funeral and burial expenses, noneconomic losses associated with her grief, loss of companionship, pain and suffering, inconvenience, impairment of the quality of life and emotional stress.

## THIRD CLAIM FOR RELIEF
### (Family Car Doctrine against Defendants Joseph Dickerson, Brian Strack, and Patricia Strack)

43. Plaintiff incorporates all prior allegations as though fully set forth herein.

44. Upon information and belief, Defendants Joseph Dickerson, Brian Strack, and Patricia Strack were "head of the household" as that term is interpreted within the meaning of the Family Car Doctrine and as set forth in the Colorado Jury Instructions defining that term.

45. Upon information and belief, Defendant James B. Dickerson was a legal resident of Defendants' household at 280 Elm Street, Bennett, Colorado, at the time of the collision.

46. The automobile that Defendant James B. Dickerson was driving, on the occasion in question, was owned by and under the control of Defendants Joseph Dickerson, Brian Strack, and Patricia Strack, but made available by them by their express or implied permission to Defendant James B. Dickerson as a member of Defendants' household within the meaning of the Family Car Doctrine.

47. Defendant James B. Dickerson was negligent in operating the vehicle owned and under the control of Defendants on January 24, 2017 when he caused the roll-over collision resulting in Kiyure Gross' death.

48. Pursuant to the Family Car Doctrine, Defendants Joseph Dickerson, Brian Strack, and Patricia Strack are responsible, at law, for the wrongful death of Kiyure Gross, and the resulting injuries, damages, and losses to his mother, and survivor under the Wrongful Death Act, Sarah K. Gross.

49. As a direct and proximate result of Defendants' actions, Plaintiff Sarah K. Gross has suffered injuries, losses, and damages, including, but not limited to, funeral and burial expenses, noneconomic losses associated with her grief, loss of companionship, pain and suffering, inconvenience, impairment of the quality of life and emotional stress

WHEREFORE, Plaintiff Sarah K. Gross prays for judgment against the defendants and for damages in an amount to be determined by the trier of fact, pre- and post-judgment interest, costs and for such other and further relief as this Court may deem appropriate

Respectfully submitted this 22nd day of January, 2019.

*A duly signed Original is on file at the
Offices of Franklin D. Azar & Associates, P.C.,
signed by Anna N. Martinez, Esq.*

By:   _/s/ Anna N. Martinez_____
      Anna N. Martinez #37756
      *Attorneys for Plaintiff*

Address of Plaintiff:
Sarah K. Gross
581 Emmett Lewis Cir
Tiptonville, TN 38079